**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**24-CV-81374-RLR**
**24-CV-81375-RLR**
**24-CV-81377-RLR**
**24-CV-81382-RLR**
**24-CV-81432-RLR**
**24-CV-81433-RLR**
**24-CV-81434-RLR**
**24-CV-81455-RLR**
**24-CV-81457-RLR**
**24-CV-81458-RLR**
**24-CV-81461-RLR**
**24-CV-81462-RLR**
**24-CV-81464-RLR**

D.J., et al.,

   Plaintiffs,

vs.

FOREST TRAIL ACADEMY,
LLC, et al.,

   Defendants.
_____/

**ORDER SUA SPONTE STAYING AND CLOSING CASES**
**AND REQUIRING BRIEFING ON PERSONAL JURISDICTION**

     The Plaintiffs in the above-listed cases allege that, while they were enrolled in a "youth treatment center," they were abused. 24-81464, DE 1 at 1. There are thirteen Plaintiffs and they have filed thirteen cases. The complaints are very large, in excess of one hundred pages, and the Plaintiffs name many Defendants. Because these thirteen cases have resulted in motion practice that now constitutes approximately one-third of all pending motions before the undersigned, the Court exercises its case management discretion to implement special case management

procedures. *See* Fed. R. Civ. P. 16(c)(2)(L) (allowing for special case management procedures in difficult or protracted cases that may involve compex issues and multiple parties). Before outlining the procedures, however, the Court briefly explains the confusion that has prompted it to enter this Order.

The Plaintiffs allege that they were abused while enrolled in a school in Jamaica. *Id.* But they have not filed suit in Jamaica. They also have not filed suit in the home state of the company that operated the school, which is Delaware. *Id.* at 3. Further still, they have not filed suit in the state where they are citizens—Virginia.[1] *Id.* at 2. Instead, the Plaintiffs have filed suit in Florida. What connection does Florida have with this case? The Court is uncertain.

As best as the Court can discern, this suit was filed in Florida because Plaintiffs' counsel resides here and because one Defendant (not the one alleged to have engaged in abuse) is based in Florida. The Court's clarity, however, ends there.

A prior out-of-state Defendant filed a motion to dismiss on personal jurisdiction grounds, arguing that the mere fact that one Defendant resides in Florida was not a sufficient basis for personal jurisdiction over the other Defendants. 24-81377, DE 35. In response, the Plaintiffs dismissed the out-of-state Defendant. *Id.* DE 45. Because the Plaintiffs did not file a response to the motion, the Court never received the benefit of understanding the Plaintiffs' legal position— of understanding what connection Florida has to all of the Defendants in this case, save one.

Normally, the Court's confusion on personal jurisdiction and the involvement of Florida in this case would be irrelevant insofar as personal jurisdiction is not a matter the Court inquires into *sua sponte*. Courts do not raise personal jurisdiction *sua sponte* because a defendant that does not contest personal jurisdiction waives the defense. Fed. R. Civ. P. 12(g). Here, the Court

---

[1] The Plaintiffs are citizens of several different states, but not Florida.

believes its confusion on personal jurisdiction *is* relevant, however, for the two reasons delineated in **bold** below.

**First**, the Court believes several active Defendants have challenged personal jurisdiction in pending motions to dismiss. Although the motions do not specifically reference personal jurisdiction, the motions repeatedly argue that the Plaintiffs have not adequately alleged a contractual relationship between the Defendants and the one Florida-based Defendant in this case. *E.g.*, 24-81375, DE 1 at 4 ("The majority of [Plaintiffs'] claims against [Defendants] are rooted in alleged and unfounded partnerships, contracts, and agreements amongst Defendants."). As best as the Court can discern, the contractual relationships *are* the reason the Plaintiffs contend personal jurisdiction exists as to the foreign Defendants in this case, pursuant to the following allegations in the complaint:

> This Court has personal jurisdiction over ALA, Randall Cook, and Lisa Cook pursuant to the Florida Statute § 48.193 and the Due Process Clause of the Fourteenth Amendment.
>
> . . .
>
> Defendants ALA, Randall Cook, and Lisa Cook, have operated, conducted, engaged in, and carried out a business and a business venture in Florida by partnering with a Florida company to obtain accreditation services.

*Id.* Florida statute § 48.193 has many potential grounds for personal jurisdiction, and the Plaintiffs' general citation to the statute therefore does not inform the Court as to what ground the Plaintiffs' complaints rely upon for personal jurisdiction. The Court's best guess, however, is that the Plaintiffs rely upon § 48.193(1)(a)(1), which provides for personal jurisdiction when a defendant carries on business in Florida.

Although the Plaintiffs have not made their legal position clear, the Court notes that personal jurisdiction is not satisfied simply because a Defendant may have contracted with a

Florida company or otherwise conducted a small amount of business in Florida.  There must be a stronger connection to Florida than that—an office maintained in Florida, a license to do business in Florida, a certain volume of clients that are serviced in Florida, or a certain percentage of revenue that is gleaned from Florida.  *See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005).  If the Plaintiffs have alleged concrete facts on these points, the Court is not aware of the allegations.  Relatedly, there must be some connection between the out of state Defendant's operations in Florida and the plaintiffs' claim; there must be a "direct affiliation, nexus, or substantial connection" between the cause of action and the business activity.  *Citicorp Ins. Brokers, Ltd. v. Charman*, 635 So. 2d 79, 82 (Fla Dist. Ct. App. 1994).  The Court is similarly unaware of concrete facts the Plaintiffs have alleged on this issue.[2]

**Second**, the entity that operated the allegedly abusive school in this case has elected not to appear and defend itself.  As a result, this Court must inquire into the question of personal jurisdiciton *sua sponte*, at least as to that Defendant.  Indeed, federal courts have an affirmative duty to examine personal jurisdiction when a plaintiff seeks a default judgment.  *E.g., Sys. Pipe & Supply, Inc. v. M/V Viktor*, 242 F.3d 322, 324-25 (5th Cir. 2001); *In re Tuli*, 172 F.3d 707, 712-13 (9th Cir. 1999).  As a result, this Court's questions on personal jurisdiciton are relevant and must be answered to the Court's satisfaction at some point in these proceedings.  The Court elects to focus on personal jurisdiction now.

It is **ORDERED** that each of the thirteen cases listed above are **STAYED AND ADMINISTRATIVELY CLOSED**.  The Plaintiffs shall choose one of the thirteen cases to be

---

[2] Because of the length of the Plaintiffs' complaints and because these matters have not been adequately briefed, it is possible the Plaintiffs have attempted to plead facts pertinent to these issues and the Court has overlooked those facts.

the lead case (the "Lead Case") and inform the Court via notice, within seven days of the date of rendition of this Order, of the case that has been selected. The Lead Case should be typical of all thirteen cases. By way of example, the Lead Case should include, ideally, each of the Defendants in these matters. Once the Court adjudicates all motions to dismiss in the Lead Case the Court will use an order to show cause process to determine why its rulings in the Lead Case should not fully apply to the remaining cases.

Once the Plaintiff files a notice and selects the case number of a Lead Case, the Plaintiff shall file a memorandum on personal jurisdiction and venue within five business days, not to exceed ten pages. The memorandum shall clearly articulate the basis for personal jurisdiction and venue for each foreign Defendant, and it shall include all necessary pincite citations to the complaint. Once the Court has had the opportunity to review the memorandum, the Court will decide the next procedural steps in the case, including briefing schedules for motion practice. Relatedly, all pending motions in each of the thirteen cases listed above are **DENIED WITHOUT PREJUDICE** as the Court anticipates it will order an amended complaint in the near future that will render the motions to dismiss moot.[3] In the event the court does not order an amended complaint, the court will reinstate the motions to dismiss.

To be clear, the Court's special procedures outlined above are intended to allow for the Court to fully adjudicate the Plaintiffs' cases as quickly as possible, as accurately as possible, and without unncessary, duplicated motion practice. The Court is instituting these procedures in part because it appreciates the serious nature of the Plaintiffs' allegations, and it appreciates the rights of the Defendants to fair notice of the Plaintiffs' claims, including the jurisdictional basis of the Plaintiffs' claims.

---

[3] Many cases included motions to consolidate. The Court will address consolidation once it has finished ruling on the motions in the Lead Case and utilized an order to show cause process in all other cases.

The Court addresses one final matter. One Defendant described the Plaintiffs' pleading as follows:

> P.N.'s Complaint is comprised of 34 total claims that span 662 paragraphs over the course of 142 pages. (Doc. 1). Due to sheer density, it is easy to get lost in P.N.'s narrative.

24-81375, DE 49 at 2. The Court agrees. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint be a short, plain statement of why the plaintiff is entitled to relief. The complaints are neither short nor plain. To be sure, the Plaintiffs must include enough factual allegations to render their claims plausible to satisfy federal pleading standards. But the length of the Plaintiffs' complaints has hampered the Court's ability to review and understand the Plaintiffs' claims. Therefore, in any future amended complaint in these cases, should they be ordered, the Plaintiffs should endeavor to state their claims with clarity, which the Court believes can be accomplished with significantly fewer pages. Finally, any future amended complaints shall also **clearly** specify with precision **what** each Defendant is alleged to have **known** about the alleged abuse in this case for all of the reasons set forth in the pending motions to dismiss.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of March, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE